Case 3:16-cr-00079-REP   Document 30   Filed 11/09/16   Page 1 of 13 PageID# 103



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal Action No. 3:16cr79

MICHAEL PANKEY

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's MOTION TO SUPPRESS EVIDENCE (Docket No. 13). For the reasons stated below, Defendant's MOTION TO SUPPRESS EVIDENCE (Docket No. 13) will be denied.

**BACKGROUND**

On May 24, 2016, at approximately 8:30 a.m., Virginia State Trooper Homiak ("Homiak") observed a vehicle travelling at a speed that he believed was substantially above the 70 mile per hour limit.[1] Homiak pulled onto the road, paced the vehicle, and concluded based on comparison with his own speedometer that the vehicle was travelling 78 miles per hour. Homiak initiated a traffic stop.

The driver of the vehicle identified himself as Michael Pankey ("Pankey"). Pankey was driving a rental vehicle that was rented in a female's name, although Pankey was listed as an

---

[1] At the evidentiary hearing, Homiak estimated that the speed may have been 85 miles per hour.

authorized driver on the rental agreement. The rental vehicle was overdue, but Pankey stated that he had paid for an extension. When talking to Pankey through the open window of the automobile, Homiak smelled marijuana emanating from inside the vehicle. In Homiak's view, Hankey showed substantial physical signs of nervousness. Homiak asked Pankey: "Who had been smoking marijuana in the vehicle?" Pankey denied that anyone had been smoking in the vehicle.

Having reasonable suspicion of the presence of marijuana in the car,[2] Homiak opened the car door and looked into the passenger compartment. He saw residue that appeared to be marijuana and some marijuana leaves. He then searched the passenger compartment and found two cell phones, one of which was located in the passenger side door panel. Thinking that he had probable cause to search the vehicle for marijuana, Homiak then searched the trunk "and located a blue Nike book bag on top of a large duffel bag. The officer unzipped the Nike bag and

---

[2] At the evidentiary hearing, video of the stop showed that Pankey told Homiak that Homiak could "double check" to confirm that no one had been smoking marijuana in the vehicle. Frankly, the manner in which Pankey made the statement could have been taken by Homiak (and could be taken by the Court) as an invitation to search the vehicle. However, Homiak apparently did not act on a theory of consent, and the Government has not argued that this statement constituted consent to search the vehicle.

found a large quantity of cocaine and heroin." Pankey subsequently made incriminating statements.

## STANDING

Although the parties did not raise standing in their briefs or at the evidentiary hearing, the Court pauses a moment to ensure that Pankey has standing to object to the search of the vehicle. The record shows that the vehicle had been rented by a female, but that Pankey was an authorized operator of the vehicle. According to the rental agreement, the vehicle was overdue, although Pankey stated that he had paid for an extension. Neither party presented evidence about whether Pankey had, in fact, paid for an extension.

Even if Pankey did not pay for an extension, the fact that the rental vehicle was overdue does not undermine Pankey's standing as an authorized driver of a rental vehicle. The Ninth and Eleventh Circuits have held that, although keeping a rental car past its due date may be a breach of contract, it does not diminish an otherwise authorized driver's reasonable expectation of privacy in the vehicle for Fourth Amendment purposes. United States v. Henderson, 241 F.3d 638 (9th Cir. 2000), as amended (Mar. 5, 2001); United States v. Cooper, 133 F.3d 1394, 1395

(11th Cir. 1998).[3] The Court, considering the persuasive logic in Henderson and Cooper, concludes that an overdue rental agreement would not impact Pankey's standing.

## ANALYSIS

Pankey makes three arguments: (1) that Homiak lacked reasonable suspicion to conduct a traffic stop of Pankey's vehicle; (2) that Homiak did not have probable cause to search Pankey's vehicle generally, or the trunk specifically; and (3) that Pankey's statements must be suppressed as fruit of the poisonous tree.

### A. Officer Homiak Had Reasonable, Articulable Suspicion to Conduct a Traffic Stop

In his brief, Pankey contested the validity of the traffic stop.

> [T]he defense does not concede that the officer had a reasonable, articulable suspicion to conduct a traffic stop of Mr. Pankey's vehicle based on the officer's purported reason of speeding ... a stop for a traffic violation must be based upon at least a reasonable suspicion "that either the vehicle or an occupant is otherwise subject to seizure for violation of law." ... Officer Homiak purportedly determined that Mr. Pankey was travelling 78 miles per hour in a 70 mile per hour zone by pacing Mr. Pankey's vehicle.

---

[3] The Fourth Circuit has previously noted a rental vehicle's overdue status without discussing any related standing implications. United States v. Blanc, 245 F. App'x 271, 273 (4th Cir. 2007).

4

(Def.'s Mtn. to Suppress Evidence, Docket No. 13, 1) ("Def.'s Mtn") (quoting Delaware v. Prouse, 440 U.S. 648, 662 (1979)). At oral argument, Pankey seems to have foresworn that argument. And, rightly so, because Pankey's assertion that pacing is insufficient to rise to the level of reasonable, articulable suspicion to conduct a traffic stop is incorrect as a matter of explicit Fourth Circuit precedent.

An officer may stop a vehicle when he observes a traffic violation, however minor, has occurred. See Whren v. United States, 517 U.S. 806, 812-13 (1996). When a vehicle is travelling greatly in excess of the speed limit, an officer has reasonable suspicion to initiate a traffic stop on the basis of pure observation. United States v. Sowards, 690 F.3d 583, 592 (4th Cir. 2012). When a vehicle is not travelling greatly in excess of the speed limit,

> an officer's visual speed estimate requires additional indicia of reliability to support probable cause ... The reasonableness of an officer's visual estimate that a vehicle is traveling in slight excess of the legal speed limit may be supported by radar, pacing methods, or other indicia of reliability that establish, in the totality of the circumstances, the reasonableness of the officer's visual speed estimate.

Id. at 592-93 (emphasis added). When Homiak first saw Pankey's vehicle, the estimated speed was 85 miles per hour. He then set out to pace Pankey's speed and found it to be 78 miles per hour,

5

8 miles over the posted speed limit. Exceeding the speed limit by 8 miles per hour certainly is not a speed that is in "slight excess" of the legal speed limit. But even if that could be described as a "slight excess," Homiak's pacing provided the sort of "indicia of reliability" that <u>Soward</u> explicitly contemplated as cementing the reasonableness of an officer's visual speed estimate.[4] Accordingly, Homiak's pacing of Pankey's vehicle provides the additional indicia required to corroborate his initial impression that the vehicle was speeding 8 miles per hour above the posted speed limit of 70 miles per hour, and therefore provides justification for the traffic stop.

**B. Homiak Had Probable Cause To Search The Trunk Of Pankey's Vehicle**

"Warrantless searches 'are <u>per se</u> unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.'" <u>United States v. Carter</u>, 300 F.3d 415, 421 (4th Cir. 2002) (quoting <u>California v. Acevedo</u>, 500 U.S. 565, 580 (1991)).

> One such exception is the presence of "exigent circumstances" — an exception presumptively present in the automobile context because of the inherent mobility of the car and the danger that contraband inside the car may disappear if police take the time

---

[4] At the evidentiary hearing, the Government presented unrebutted testimony regarding the reliability of Homiak's patrol car's speedometer.

6

> to obtain a warrant. See California v. Carney, 471 U.S. 386, 390-91, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Thus the police may search a car without a warrant as long as there is probable cause to believe the car contains contraband. Carney, 471 U.S. at 392, 105 S.Ct. 2066.

United States v. Carter, 300 F.3d 415, 421-22 (4th Cir. 2002). See also United States v. Ross, 456 U.S. 798, 804-09 (1982) (discussing rationale for exception). The "automobile exception" is limited by the corollary that an officer may search only those parts of the car that he has probable cause to believe contain contraband. Ross, 456 U.S. at 800; see also Acevedo, 500 U.S. at 580. Thus, the dispositive question is whether Homiak had probable cause to search the trunk of Pankey's vehicle.

Three Fourth Circuit decisions help guide the inquiry. First, the Fourth Circuit has stated clearly that the odor of burning marijuana emanating from a vehicle's passenger compartment creates probable cause to search the passenger compartment for contraband. Carter, 300 F.3d at 422. Second, the Fourth Circuit has held that the odor of burning marijuana emanating from a vehicle's passenger compartment, in conjunction with other indicia, can also create probable cause to search the trunk for contraband. Carter, 300 F.3d 415, 422 (4th Cir. 2002); United States v. Champion, 609 F. App'x 122, 124 (4th Cir. 2015). Third, the Fourth Circuit has observed a circuit split

among its sister circuits on the question of "whether the mere odor of burnt marijuana in the passenger compartment of a vehicle is ever sufficient to give rise to probable cause to search the trunk of a vehicle,"[5] then noted that it has not issued a decision specifically addressing that question and declined to specifically resolve that question. Champion, 609 F. App'x at 124.

Like the Fourth Circuit in Champion, the Court need not address the circuit split here. If the Court follows the line of authority indicating that mere odor of smoked marijuana does provide probable cause to search a trunk, Pankey's suppression motion must be dismissed based on Homiak's uncontroverted testimony. If the Court follows the line of authority indicating that mere odor does not provide probable cause to search a trunk then, as in Carter and Champion, it is necessary to determine whether the odor of marijuana plus other indicia of criminal activity created probable cause to search the trunk – and the Court finds that such additional indicia did, in fact, create probable cause to search the trunk.

---

[5] Compare United States v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995) (holding that mere odor of marijuana does not create probable cause to search trunk), with United States v. McSween, 53 F.3d 684, 686-89 (5th Cir. 1995) (holding that mere odor of marijuana creates probable cause to search trunk); United States v. Winters, 221 F.3d 1039, 1041 (8th Cir. 2000) (holding that mere odor of marijuana creates probable cause to search trunk)).

8

Although Pankey attempts to present this case as a question of whether the mere odor of marijuana created probable cause to search the trunk (Def.'s Mtn. 7), the testimony at the evidentiary hearing demonstrated that Homiak's decision to search the trunk was based upon the odor of marijuana **plus** the corroborating indicia of marijuana and marijuana leaves. Therefore, Homiak had probable cause to search Pankey's trunk.

Fourth Circuit precedent clearly establishes that the odor of marijuana plus corroborating indicia provides probable cause to search the trunk of a vehicle. <u>Carter</u>, 300 F.3d at 422; <u>Champion</u>, 609 F. App'x at 124-26.

> Probable cause is not readily, or even usefully, reduced to a neat set of legal rules. However, the Supreme Court has described it as existing where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found. When assessing probable cause, we must examine the facts from the standpoint of an objectively reasonable police officer, giving due weight to inferences drawn from those facts by ... local law enforcement officers.

<u>Champion</u>, 609 F. App'x at 124-25 (quoting <u>United States v. Kelly</u>, 592 F.3d 586, 591-92 (4th Cir. 2010). Applying this framework, the Fourth Circuit concluded that

> [a] reasonable law enforcement officer could conclude on this record that (1) the inconsistencies in the accounts of the occupants' journey, combined with (2) the strong odor of marijuana, (3) the admission

9

>    that the occupants smoked marijuana in the car during the trip, and (4) Champion's apparent "uncertainty" whether there was contraband in the vehicle he himself was driving (allegedly all the way to Boston from Virginia) were, in the aggregate, indicative of criminal activity, such as (but not necessarily limited to) distribution or possession of illegal narcotics. As such, there was probable cause to search the trunk.

Id. at 126. Similarly, in Carter, the odor of marijuana plus the fact that a drug-sniffing dog alerted at the passenger door provided probable cause to search the trunk. Carter, 300 F.3d at 421-22.

At the evidentiary hearing, Homiak testified as to five observations that supported the conclusion that a crime had occurred and that evidence of it likely would be found in the car: (1) the strong odor of marijuana; (2) visual observation of marijuana and marijuana leaves in the passenger compartment; (3) Pankey's extreme nervousness; (4) Pankey's possession of multiple phones, including one inexpensive flip phone, which Homiak testified was typical of drug traffickers because they could be used in conjunction with untraceable pre-paid plans; and (5) the fact that Interstate 85 is a known corridor for drug trafficking from New York to areas in North Carolina to which Pankey was traveling. As Homiak readily acknowledged that possession of an inexpensive phone and driving along Interstate 85 are not, in and of themselves, incriminating. However, those

10

facts can be considered in assessing the reasonableness of a search because the Court looks to the totality of the circumstances, rather than considering individual facts in isolation. United States v. Slocumb, 804 F.3d 677, 681-82 (4th Cir. 2015) (noting, in reasonable suspicion context, that "factors susceptible to innocent explanation individually may suffice to form a particularized and objective basis" when taken together."). And the Court must consider the experience of law enforcement officers and their assessment of information known to them. Aggregating the facts and circumstances known to Homiak at the time and giving due weight to the inferences that Homiak reasonably drew from those facts, the Court concludes that, viewed objectively, there was probable cause to search the trunk for further evidence of illegal activity. Champion, 609 F. App'x at 124-26.

The list of corroborating indicia in the present case is admittedly not identical to the list of corroborating indicia present in Champion. However, a similar fact pattern was present in United States v. Loucks, 806 F.2d 208, 211 (10th Cir. 1986). As the Fourth Circuit observed in Champion, the Tenth Circuit is the only circuit that has held that the mere odor of marijuana does not create probable cause to search a trunk. Parker, 72 F.3d at 1450. However, similar to the Fourth Circuit in Carter and Champion, the Tenth Circuit circumscribes its own rule with

11

the corollary that "an officer obtains probable cause to search the trunk of a vehicle once he smells marijuana in the passenger compartment <u>and</u> finds corroborating evidence of contraband." <u>Id.</u> In <u>Loucks</u>, the Tenth Circuit held that the odor of marijuana in the passenger compartment <u>and</u> an officer actually finding marijuana in the passenger compartment created probable cause to search the trunk. <u>Loucks</u>, 806 F.2d at 209-10; <u>see also</u> <u>Parker</u>, 72 F.3d at 1450 (reaffirming rule). As the Tenth Circuit observed in <u>Loucks</u>, once an officer has found marijuana, the distinction between passenger compartment and trunk is meaningless for probable cause purposes: if someone has been smoking marijuana in the car, as evinced by the smell and sight of marijuana in the passenger compartment, that person is just as likely to keep the marijuana in the trunk as in the passenger compartment. <u>Loucks</u>, 806 F.2d at 209-11.

In conclusion, Pankey is incorrect to present this case as one of "mere odor." (Def.'s Mtn. 7). Under <u>Carter</u>, <u>Champion</u>, and <u>Loucks</u>, Homiak's observation of marijuana odor <u>plus</u> visual observation of marijuana, Pankey's nervousness, Pankey's possession of multiple phones, and Pankey's location on a drug

12

delivery corridor combined to provide probable cause to search the trunk for contraband.[6]

## CONCLUSION

For the reasons stated above, Defendant's MOTION TO SUPPRESS (Docket No. 13) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 8, 2016

---

[6] Because there was no constitutional violation associated with Pankey's stop or the search of the car, Pankey's statements are not the result of an unlawful search (Def.'s Mtn. 9) and need not be suppressed.

13